UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DIANE DOOLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and DOES 1 to 100,<br><br>        Defendants. | No. 2:19-cv-531 WBS EFB |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for August 5, 2019, and makes the following findings and orders without needing to consult with the parties any further.

I.    <u>SERVICE OF PROCESS</u>

All defendants have been served, and no further service

1

is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff's claims are covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1132 et seq. Venue is undisputed and hereby found to be proper.

## IV. DISCOVERY

The court understands that this is an ERISA case where discovery is generally limited to the material contained in the administrative record. Nevertheless, because the parties disagree as to whether there should be discovery beyond the production of the administrative record, the court includes all the deadlines it typically does.

The parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before September 4, 2019.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than October 11, 2019. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed

and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before November 8, 2019.

The parties have not suggested why they need a substantial amount of time for discovery. Accordingly, all discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by December 13, 2019. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than December 13, 2019.

V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before January 10, 2020. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI. FINAL PRETRIAL CONFERENCE

Although the parties indicate that a pretrial conference is unnecessary, they cannot agree on what evidence will be admissible at trial. The court will set a pretrial conference in order to resolve this and any other issues the

parties may have in advance of trial.  The Final Pretrial Conference is set for March 30, 2020, at 1:30 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. TRIAL SETTING

A bench trial pursuant to the procedures set forth in Kearney v. Standard Insurance Co., 175 F.3d 1084 (9th Cir. 1999) (en banc) is set for April 28, 2020 at 9:00 a.m. in Courtroom 5.

4

The parties estimate that the trial will last one day.

VIII. <u>SETTLEMENT CONFERENCE</u>

A Settlement Conference may be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. <u>MODIFICATIONS TO SCHEDULING ORDER</u>

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated: July 24, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE